UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHARI PRASAD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,[1]<br><br>　　　　　　　Defendants. | No. 2:15-cv-0555 KJM GGH PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

---

[1] Plaintiff refers to defendant as both Ocwen and Owen in the body of the complaint. The court presumes that the reference to Owen is a typographical error and that plaintiff intends to name Ocwen Loan Servicing as a defendant.

1

1  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
2  an immune defendant.
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10        A complaint must contain more than a "formulaic recitation of the elements of a cause of
11  action;" it must contain factual allegations sufficient to "raise a right to relief above the
12  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
13  "The pleading must contain something more...than...a statement of facts that merely creates a
14  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
15  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
16  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
17  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
18  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
19  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
20  Id.
21        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
22  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
23  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
24  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
25  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
26        The factual allegations of the complaint are difficult to decipher, but plaintiff alleges that
27  on December 14, 2012, he "lawfully revoked" the Deed of Trust between himself and
28  Countrywide Bank in regard to real property.  (ECF No. 1 at 5.)  He alleges that defendant Ocwen

Loan Servicing LLC ("Ocwen") transmitted correspondence to plaintiff which contained defects, which it did not cure. Plaintiff also demanded that Ocwen provide him "with authenticated documents evidencing the representative agency claimed to be granted to Ocwen." (Id.) In response, Ocwen sent him a document entitled "assignment of deed of trust," which contained the same defects, and to which plaintiff responded with the same demands he made earlier. (Id.) Plaintiff apparently did not believe that the deed was reassigned to Ocwen, complaining that the assignment documents failed to name Ocwen. The allegations are vague, but plaintiff claims that after multiple communications between the parties, Ocwen continued to make "various unsupported claims" which perpetrated an "intentional fraud" on plaintiff. (Id. at 6.)

Plaintiff's main problem appears to be that Ocwen has committed fraud by failing to provide evidence of its authority to act as in regard to the deed of trust presumably reassigned to it, and in particular that it has authority to foreclose on the property. (Id. at 8.) Instead, plaintiff claims that defendants have apparently represented that "the entity that currently owns the loan and holds the note is Christiana Trust, a division of Wilmington Savings Fund Society, FSB…," yet defendants have refused to provide a "lawfully executed Assignment of Deed bearing the name of Christiana Trust, Wilmington Savings Fund Society; or ARLP Trust." (Id. at 8.) Claims are for "declaratory judgement regarding standing of defendants," "declaratory judgement regarding fraudulent scheme," and violations of the Due Process clause of the Fifth Amendment.

Aside from the fact that the allegations are vague, the only conceivable federal claim is for violation of the due process clause of the Fifth Amendment. A claim for due process violations based on the Fifth Amendment requires unlawful action by the federal government. Such a claim may not be maintained against private parties. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001); Gilkey v. Wells Fargo Bank, N.A., 2013 WL 4432163, *7 (W.D. Tenn. Aug. 16, 2013) (citing Public Utilities Comm'n of District of Columbia v. Pollak, 343 U.S. 451, 461 (1952); Roberts v. Cameron-Brown Co., 556 F.2d 356, 358-60 (5th Cir. 1997). See also Shelley v. Kramer, 334 U.S. 1, 12, 68 S.Ct. 836 (1948) (Fourteenth Amendment). As both Ocwen and Scott Anderson are private parties and not governmental entities, plaintiff cannot state a claim for due process violation against this defendant.

3

Ordinarily, the court would grant leave to file an amended complaint; however, because the only federal claim alleged cannot be maintained against these defendants, leave to amend would be futile.

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ... if—the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000–1001 (9th Cir.1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie–Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 619, n. 7, 98 L.Ed.2d 720 (1988).

Accordingly, IT IS ORDERED that: Plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that: the complaint be dismissed without leave to amend, for the reasons discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 30, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Prasad0555.fr