1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   BAHARI PRASAD,                              No.  2:15-cv-0555 KJM GGH PS
12                Plaintiff,
13        v.                                     ORDER
14   OCWEN LOAN SERVICING, LLC, et al.,
15                Defendants.
16

17

18        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. §

19   1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. §

20   636(b)(1).

21   I.  Objections to Findings and Recommendations

22        After this court issued its order and findings and recommendations, screening plaintiff's

23   complaint and recommending that the only federal claim be dismissed without leave to amend,

24   and additionally that the supplemental state claims be dismissed, plaintiff filed objections,

25   alleging that he "full identified the diversity of the parties" in his complaint.  See ECF Nos. 6 at 2,

26   1 at 2-3.  Although plaintiff did set forth his residence as California, and the residence of Ocwen

27   Loan Servicing ("Ocwen") as Florida, (Compl., ¶¶ 6, 10), he did not set forth the *citizenship* of

28   any party, including that of defendant Anderson.  Furthermore, the complaint's jurisdictional

                                             1

allegations clearly specified federal question jurisdiction, with no mention of diversity, including the allegation that "[t]his action arises under the Constitution and laws o[f] the United States." (Id. at 3-4, ¶¶ 16-18, 23.)  In any event, it appears that plaintiff now wishes to amend his complaint to allege diversity and proceed with his state law claims only.  He will be permitted the opportunity to do so.  Therefore, only the findings and recommendations portion of the opinion filed April 30, 2015, will be vacated.  The order portion of that opinion will remain intact.  Much of that findings and recommendations will be repeated here, as the federal claim must be dismissed without leave to amend.

II. Screening the Complaint

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

2

1    v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

2    S. Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

3    the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4    Id.

5          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

6    S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

7    Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

8    proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

9    See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

10         The factual allegations of the complaint are difficult to decipher, but plaintiff alleges that

11   on December 14, 2012, he "lawfully revoked" the Deed of Trust between himself and

12   Countrywide Bank in regard to real property.  (ECF No. 1 at 5.)  He alleges that defendant Ocwen

13   Loan Servicing LLC ("Ocwen") transmitted correspondence to plaintiff which contained defects,

14   which it did not cure.  Plaintiff also demanded that Ocwen provide him "with authenticated

15   documents evidencing the representative agency claimed to be granted to Ocwen."  (Id.)  In

16   response, Ocwen sent him a document entitled "assignment of deed of trust," which contained the

17   same defects, and to which plaintiff responded with the same demands he made earlier.  (Id.)

18   Plaintiff apparently did not believe that the deed was reassigned to Ocwen, complaining that the

19   assignment documents failed to name Ocwen.  The allegations are vague, but plaintiff claims that

20   after multiple communications between the parties, Ocwen continued to make "various

21   unsupported claims" which perpetrated an "intentional fraud" on plaintiff.  (Id. at 6.)

22         Plaintiff's main problem appears to be that Ocwen has committed fraud by failing to

23   provide evidence of its authority to act as in regard to the deed of trust presumably reassigned to

24   it, and in particular that it has authority to foreclose on the property.  (Id. at 8.)  Instead, plaintiff

25   claims that defendants have apparently represented that "the entity that currently owns the loan

26   and holds the note is Christiana Trust, a division of Wilmington Savings Fund Society, FSB…,"

27   yet defendants have refused to provide a "lawfully executed Assignment of Deed bearing the

28   name of Christiana Trust, Wilmington Savings Fund Society; or ARLP Trust."  (Id. at 8.)  Claims

1    are for "declaratory judgement regarding standing of defendants," "declaratory judgement

2    regarding fraudulent scheme," and violations of the Due Process clause of the Fifth Amendment.

3          Aside from the fact that the allegations are vague, the only conceivable federal claim is for

4    violation of the due process clause of the Fifth Amendment.  A claim for due process violations

5    based on the Fifth Amendment requires unlawful action by the federal government.  Such a claim

6    may not be maintained against private parties.  Lee v. City of Los Angeles, 250 F.3d 668, 687

7    (9th Cir. 2001); Gilkey v. Wells Fargo Bank, N.A., 2013 WL 4432163, *7 (W.D. Tenn. Aug. 16,

8    2013) (citing Public Utilities Comm'n of District of Columbia v. Pollak, 343 U.S. 451, 461

9    (1952); Roberts v. Cameron-Brown Co., 556 F.2d 356, 358-60 (5th Cir. 1997).  See also Shelley

10    v. Kramer, 334 U.S. 1, 12, 68 S. Ct. 836 (1948) (Fourteenth Amendment).  As both Ocwen and

11    Scott Anderson are private parties and not governmental entities, plaintiff cannot state a claim for

12    due process violation against these defendants.

13          Through his objections, plaintiff relates that he wishes to proceed with an action based on

14    diversity.  Therefore, he will be permitted to file an amended complaint.  Should plaintiff include

15    the aforementioned federal due process claim in his amended complaint, however, he is warned

16    that it will be dismissed.

17         A. Jurisdictional Allegations

18          For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship

19    must be diverse from each defendant,[1] and the amount in controversy must exceed $75,000.  For

20    diversity purposes, a corporation is deemed to be a citizen of every state by which it has been

21    incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).

22    Plaintiff must allege, in the pleadings, the facts essential to show proper and complete diversity

23

---

[1]  A federal court's authority to hear cases in diversity is established by 28 U.S.C. § 1332. "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.  That compliance with the diversity statute, including its complete diversity requirement, is the sine qua non of diversity jurisdiction which was made clear in Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989).  In a case involving claims against multiple defendants, "the plaintiff must meet the requirements of the diversity statute for each defendant.  Id. at 829."  Lee v. American National Insurance Company, 260 F.3d 997, 1004–1005 (9th Cir. 2001) (fn. and citations omitted).

1    jurisdiction in order to maintain standing in federal district court.  See Fifty Associates v.

2    Prudential Ins. Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970) (citing McNutt v. General

3    Motors Acceptance Corp. Of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L.Ed. 1135 (1935).

4         First, plaintiff must allege a specific state of which he and defendants are citizens.

5    Without this information, the undersigned cannot determine whether defendants are, in fact,

6    diverse to plaintiff.  In his objections, plaintiff contends he has "fully identified the diversity of

7    the parties.  (ECF No. 6 at 2.)  Plaintiff has only alleged, however, that he is a resident of

8    California, not that he is a citizen of California.  He has also failed to allege the citizenship of

9    each defendant.  The citizenship of defendant Anderson must be alleged, and it must be diverse

10   from that of plaintiff.

11        Second, given that one of the defendants is a corporation, plaintiff must allege both the

12   state of Ocwen's incorporation *and* where it has its principal place of business.  See Harris v.

13   Rand, 682 F.3d 846, 850 (9th Cir. 2012) (emphasis added), 28 U.S.C. § 1332(c)(1) (a corporation

14   shall be deemed to be a citizen of every state by which it has been incorporated and of the state

15   where it has its principal place of business), Fifty Associates, 446 F.2d at 1190 (facts must be

16   alleged from which it may be determined of which state, or states, the corporation is deemed to be

17   a citizen).  In regard to the limited partnership, its citizenship can be determined only by reference

18   to the citizenship of each of its members.  Kuntz v. Lamar Corp., 385 F.3d 1177, 1182 (9th Cir.

19   2004) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 195, 110 S. Ct. 1015, 108 L.Ed.2d 157

20   (1990)).  Limited liability companies are also governed by this citizenship rule.  Johnson v.

21   Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also Solberg v. NDEx

22   West, L.L.C, 2011 WL 1295940 (N.D.Cal. Mar. 31, 2011).

23        The complaint also fails to allege an amount in controversy.  In regard to that amount, the

24   property at issue and its value can only be the object of the litigation if the purpose of the lawsuit

25   is to enjoin a bank from selling or transferring the property, such as in actions for declaratory or

26   injunctive relief.  Reyes v. Wells Fargo Bank, N.A., 2010 WL 2629785, *4 (N.D. Cal. June 29,

27   2010).  It is not clear from the complaint whether foreclosure has already occurred.  The

28   complaint seeks declaratory and injunctive relief, and "any other relief" deemed "just and

proper." (ECF No. 1 at 12.)  If foreclosure has occurred, then plaintiff must allege damages separately from the value of his property.  Courts have found that when a plaintiff does not seek to rescind the loan at issue or prevent foreclosure, but instead seeks damages in an unspecified amount under claims such as breach of fiduciary duty, negligence, negligent misrepresentation, intentional misrepresentation, fraud, and violation of California Business and Professions Code section 17200, the amount in controversy is "not properly gauged by the loan amount."  See Gaspar v. Wachovia Bank, 2011 WL 577416, at *4 (N.D.Cal. Feb. 9, 2011); see also Baskin v. Wells Fargo Bank, N.A., 2011 WL 5369123 (N.D.Cal. Nov. 7, 2011); Landa v. Flagstar Bank, FSB, 2010 WL 2772629, at *2 (S.D.Cal. July 13, 2010).  Similarly, courts have rejected using the appraised value of the property as a measure of the amount in controversy when plaintiff's action is "essentially a common law fraud action rather than a typical mortgage foreclosure action." Landa, 2010 WL 2772629 (S.D.Cal. July 13, 2010).

   Although a diversity suit should not be dismissed unless "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]," St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938), "this liberal standard for jurisdictional pleading is not a license for conjecture."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000).  Furthermore, in private actions, California's unfair business practices law does not expressly provide for attorney's fees, and plaintiffs who prevail are generally limited to injunctive relief and restitution, not damages.  Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 179, 83 Cal.Rptr.2d 548 (1999).

   Plaintiff is advised that the amended complaint must allege that each defendant is diverse in accordance with the outline provided above, and must allege an amount in controversy exceeding $75,000, in light of the authority provided.

   B.  Fraud Claim

   The only state law claim appears to be for fraud.  (ECF No. 1 at 5-11.)  "Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  Vess v. Ciba-Geigy Corp. USA,

317 F.3d 1097, 1105 (9th Cir. 2003) (quoting <u>Moore v. Brewster</u>, 96 F.3d 1240, 1245 (9th Cir. 1996)).  Any claim sounding in fraud is also subject to the requirements of Fed. R. Civ. P. 9. That rule, titled "Pleading Special Matters," provides as follows with regard to claims of "Fraud or Mistake; Conditions of Mind":

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting <u>In re Stac Elec. Sec. Litig.</u>, 89 F.3d 1399, 1405 (9th Cir. 1996)).  Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  <u>See</u> <u>Vess</u>, 317 F.3d at 1106; <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1082 (9th Cir. 1995).

Here, plaintiff has merely alleged that "[in] what can only be termed as a continuation of the fraud by Ocwen, various unsupported claims were made." (Compl.,  ¶ 33.)  The complaint also alleges "various defects in the correspondence made by Ocwen," (<u>id.</u>, ¶ 34), but it does not set forth the content of those alleged defects.  The complaint further refers to "false and fraudulent claim of the formation of an agency by which Ocwen received representative authority" but it does not describe it.  (<u>Id.</u>, ¶ 35.)  Plaintiff merely makes bald and conclusory allegations such as "the correspondence clearly states the intent of Ocwen to continue its fraudulent claims, its fraudulent charging scheme, and its use of the mails to conduct its fraudulent schemes."  (<u>Id.</u>)  Plaintiff provides no facts regarding the content of the allegedly false representations, why these representations were false, when and where these representations were made, and by whom and to whom the representations were made.  Plaintiff's exhibits consist only

7

of correspondence from plaintiff to defendants.  There are no letters from any defendants which

might reflect any purported fraud by them.  Furthermore, plaintiff makes no allegations regarding

how defendants were involved or participated in the alleged fraud.  In particular, the complaint

contains no allegation of how defendant Anderson was involved.  Thus, plaintiff provides these

defendants with little to no notice of the alleged false representations attributed to them.

C.  Amended Complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the amended complaint must allege in specific

terms how each named defendant is involved.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana,

Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, Lacey v. Maricopa

County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,

the original pleading no longer serves an operative function in the case.  Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged.

III.  Conclusion

Accordingly, IT IS ORDERED that:

1.  The findings and recommendations portion of this court's opinion filed April 20, 2015

(ECF No. 17), is vacated; the order portion of the opinion remains in full force and effect; and

2.  Plaintiff's federal due process claim is dismissed for the reasons discussed above, with

leave to file an amended complaint within **twenty-eight (28)** days from the date of service of this

Order.  If plaintiff includes this federal claim in his amended complaint, the court will

recommend that it be dismissed.  The amended complaint must comply with the requirements of

the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint

1   must bear the docket number assigned this case and must be labeled "Amended Complaint;"

2   plaintiff must file an original and two copies of the amended complaint; failure to file an amended

3   complaint will result in a recommendation that this action be dismissed.

4   Dated: August 5, 2015

5                                           /s/ Gregory G. Hollows

6                               UNITED STATES MAGISTRATE JUDGE